**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4416

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ASTOR PRICE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-326)

Submitted:  May 27, 2005          Decided:  June 15, 2005

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Astor Price pled guilty to failure to pay child support for over two years in the amount of at least $10,000, 18 U.S.C. § 228(a)(3) (2000), and was sentenced to a term of thirteen months imprisonment.  Price has appealed his sentence, contending that the ten-level enhancement he received for the amount of loss, U.S. Sentencing Guidelines Manual § 2B1.1 (2001),[1] resulted in a sentence that exceeded the maximum sentence permissible based on facts admitted by the defendant, in violation of the rule set out in Blakely v. Washington, 124 S. Ct. 2531 (2004).  We affirm.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court, applying Blakely, held that the federal sentencing guidelines, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of their mandatory nature.  Id. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of

---

[1]The guideline applicable to a violation of 18 U.S.C. § 228 is USSG § 2J1.1.  Application Note 2 to § 2J1.1 directs that, "[f]or offenses involving the willful failure to pay child support (violations of 18 U.S.C. § 228), the most analogous guideline is § 2B1.1 (Theft, Property Destruction, and Fraud).  The amount of loss is the amount of child support that the defendant willfully failed to pay."

the Court).  Although Price did not raise a Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial factfinding supported by a preponderance of the evidence constitutes plain error warranting correction when the sentence "exceeded the maximum allowed based on the facts found by the jury alone" or admitted by the defendant and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme.  United States v. Hughes, 401 F.3d 540, 547-49 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

Price's sentence was enhanced by ten levels for a loss of $187,680.30 under § 2B1.1(b)(1)(F).  Price argues that the arrearage of $187,680.30 was not charged in the indictment and that he did not admit that amount.  He contends that the ten-level enhancement was therefore a violation of the rule set out in Blakely.  However, Price did not contest the calculation of the offense level and agreed at sentencing that his offense level was correctly calculated based on the amount of child support ordered in 1994 by the state court.  He thus admitted the fact on which the enhancement was based.  No Sixth Amendment violation occurred, and

resentencing is not required.[2]  <u>United States v. Hughes</u>, 401 F.3d at 547.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]Price does not contend that the district court erred in sentencing him by applying the guidelines as a mandatory sentencing scheme.  Nor has he made an attempt to show that the error affected his substantial rights, <u>i.e.</u>, "whether the error that occurred affected the sentence that was actually imposed." <u>United States v. White</u>, 405 F.3d 208, 223 n.10 (4th Cir. 2005) (citing <u>Hughes</u>, 401 F.3d at 551); <u>see also</u> <u>Olano</u>, 507 U.S. at 734-35 (under plain error test, defendant bears burden of proving that error affected substantial rights).